# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TUCK, <br><br> Plaintiff, <br><br> v. <br><br> PACER SERVICE CENTER U.S. COURTS, *et al.*, <br><br> Defendants. | Case No. 17-cv-1720-BAS-KSC <br><br> **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

On August 24, 2017, Roy Tuck filed this case against Defendants for alleged violations of the Telephone Consumer Protection Act ("TCPA"), the federal Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA") and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). (ECF No. 1.) Mr. Tuck moves to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons stated below, the Court DENIES WITHOUT PREJUDICE Mr. Tuck's Motion.

### I. STATEMENT OF FACTS

Roy Tuck and his wife Deborah Tuck, together with their son Richard Caruso and mother-in-law Clarice Tuck, appear to have developed a cottage industry suing

– 1 –

17cv1720

their creditors for violations of the TCPA, the FDCPA and the FCRA. In each case, the parties request to proceed IFP, listing liabilities that far exceed assets. Curiously, however, despite the fact that they have received settlements from approximately a dozen different defendants, their assets and cash in their bank accounts remained unchanged. A short list of examples includes:

1) *Roy Tuck v. Receivables Performance Mgmt., Inc.*, Case No. 15-cv-1377-DMS-WVG (S.D. Cal.), settled on October 7, 2015 (ECF No. 7);

2) *Roy Tuck v. DirecTV*, Case No. 16-cv-0160-JLS-KSC (S.D. Cal.), Joint Motion to Dismiss filed on August 16, 2017 (ECF No. 28);

3) *Roy Tuck v. Encore Capital Group, Midland Credit Mgmt., Inc., Midland Funding LLC, HSBC Bank, Verizon Wireless, Experian Info. Solutions Inc., Capital One Bank*, Case No. 16-cv-293-DMS-MDD (S.D. Cal.), Joint Motion to Dismiss with respect to Encore and both Midland defendants filed on April 11, 2016 (ECF No. 7), Joint Motion to Dismiss with respect to Cellco Partnership d/b/a/ Verizon Wireless filed on August 24, 2016 (ECF No. 45), settled with Experian on September 19, 2016 (ECF No. 47), agreed to dismiss HSBC Bank on October 13, 2016 (ECF No. 50), and settled with Capital One Bank on October 27, 2016 (ECF No. 54);

4) *Roy Tuck v. Merrick Bank Corp, Equifax Inc., Trans Union LLC, Experian Info. Solutions Inc.*, Case No. 16-cv-877-BEN-KSC (S.D. Cal.), reached a settlement with Experian on August 17, 2016 (ECF No. 19), Joint Motion to Dismiss Trans Union filed on August 23, 2016 (ECF No. 17), and reached a settlement agreement with remaining defendants October 19, 2016 (ECF No. 25);

5) *Deborah Tuck v. Midland Credit Mgmt., Inc.*, Case No. 15-cv-2036-MMA-MDD (S.D. Cal.), Joint Motion to Dismiss filed on April 12, 2016 (ECF No. 14);

6) *Deborah Tuck v. Am. Capitol Enterprises*, Case No. 15-cv-2042-CAB-RBB (S.D. Cal.), Notice of Voluntary Dismissal filed on December 20, 2015 (ECF No. 9);

7) *Deborah Tuck v. Portfolio Recovery Assoc., LLC, HSBC Bank NA, Equifax Inc., Trans Union LLC, Experian Info. Solutions Inc.*, Case No. 16-cv-684-JAH-BGS (S.D. Cal.), Joint Motion to Dismiss Trans Union on August 23, 2016 (ECF No. 32), settled with Experian on September 19, 2016 (ECF No. 33), agreed to dismiss HSBC Bank on October 13, 2016 (ECF No. 37), and settled with Portfolio Recovery Associates on April 20, 2017 (ECF No. 63);

8) *Deborah Tuck v. Merrick Bank Corp., Equifax Inc., Trans Union LLC, Experian Info. Solutions Inc.*, Case No. 16-cv-917-JAH-MDD (S.D. Cal.), reached an agreement with Experian on August 22, 2016 (ECF No. 8) and notified of settlement with remaining defendants on October 19, 2016 (ECF No. 14);

9) *Deborah Tuck v. Calvary Portfolio Services*, Case No. 16-cv-918-AJB-MDD (S.D. Cal.), settled on November 2, 2016 (ECF No. 15);

10) *Richard Caruso v. Encore Capital Group, Midland Credit Mgmt. Inc., Midland Funding LLC, T-Mobile, Equifax Inc.*, Case No. 16-cv-586-BAS-BGS (S.D. Cal.), settled with T-Mobile on May 17, 2016 (ECF No. 11) and settled with Equifax on November 2, 2016 (ECF No. 15); and

11) *Richard Caruso v. Merchants Credit Ass'n, Equifax Inc., Trans Union LLC, Experian Info. Solutions Inc.*, Case No. 16-cv-895-BAG-AGS (S.D. Cal.), settled with Experian and Equifax on July 21, 2016 (ECF No. 11).

## II. ANALYSIS

Under 28 U.S.C. §1915(a), a litigant who is unable to pay the fee or give security needed to commence a legal action because of indigency may petition a court

to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony, Unit II Men's Adv. Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. A*dkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. §1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs … and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense…the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds by*, *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $100 per month from his family). Moreover, "[i]n forma pauperis status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Institutions*, No. CIV S−06−0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, Nos. C−91−1635−VRW, C−93−1479−VRW, C−94−4162−VRW, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed IFP should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to

the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

In his motion to proceed IFP, Mr. Tuck admits receiving some settlements in his previously filed cases but adds that they "have been meager at best." (ECF No. 2.) However, by this court's reckoning, Mr. Tuck and his wife have received settlements from at least fifteen defendants, some to settle multiple cases. If the settlements exceed the $400 filing fee, then it may be that the Tucks can afford to "pull their own oar" and it would not be appropriate to waive the filing fee. Therefore, the court DENIES WITHOUT PREJUDICE the Motion for IFP status (ECF No. 2).

If Mr. Tuck chooses to refile the motion to proceed IFP, he should specifically list the settlement amounts from each of the following defendants and explain why these settlement amounts cannot be used to pay the filing fee in this case:

- American Capitol Enterprises (Case No. 15-cv-2042);
- Calvary Portfolio Services (Case No. 16-cv-918);
- Capital One Bank (Case No. 16-cv-293);
- DirecTV (Case No. 16-cv-160);
- Encore Capital Group (Case No. 16-cv-293);
- Equifax (Case Nos. 16-cv-684, 16-cv-877, 16-cv-917);
- Experian Information Solutions Inc. (Case Nos. 16-cv-293, 16-cv-684, 16-cv-877, 16-cv-917);
- HSBC Bank (Case Nos. 16-cv-293, 16-cv-684);
- Merrick Bank Corp. (Case Nos. 16-cv-877, 16-cv-917);
- Midland Credit Management, Inc. (Case Nos. 16-cv-293; 15-cv-2036);
- Midland Funding LLC (Case No. 16-cv-293);
- Portfolio Recovery Associates (Case No. 16-cv-684);
- Receivables Performance Management (Case No. 15-cv-1377);
- Trans Union LLC (Case Nos. 16-cv-684, 16-cv-877, 16-cv-917);
- Verizon Wireless (Case No. 16-cv-293); and

- Any other court settlement received by him or his wife.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Tuck's Motion to Proceed IFP, (ECF No. 2), and **DISMISSES WITHOUT PREJUDICE** the Complaint. Pursuant to this order, Plaintiff is granted leave for thirty days to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding his financial status. **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HIS POVERTY, HE MUST ATTACH A COPY OF THIS ORDER**. Plaintiff is advised to use Form AO 239 and include the information requested by the Court above should he choose to file additional documentation regarding his financial status. Finally, Plaintiff is reminded that an IFP application is made under **penalty of perjury**, and any false statements may result in dismissal of his claims, imprisonment of not more than five years, or a fine. *See* 18 U.S.C. §§ 1621, 3571.

**IT IS SO ORDERED.**

DATED: September 12, 2017

Hon. Cynthia Bashant
United States District Judge